## *Clinton &c. vs. Phillips' adm'r.*

Error to the Franklin Circuit; HENRY DAVIDGE, Judge.

*Appeal Bonds. Practice in this court. Damages. Costs.*

Judge MILLS delivered the Opinion of the Court.

PHILLIPS brought against Clinton, his warrant of forcible detainer, and succeeded in a verdict in the country. Clinton filed a traverse, and on trial in the circuit court, Phillips again succeeded. Clinton appealed, and executed his appeal bond with his sureties, in the time prescribed by the court, and in the same penalty. Its condition is as follows:

"The condition of the above obligation, is such, that whereas, the above named *Clinton, Downing* and *Jeremiah Luckett*, [the securities,] have prayed for, and obtained an appeal from a judgment of the Franklin circuit court, pronounced at their July term, 1825, in a suit wherein the said Ralph Phillips is plaintiff, and the said Moses Clinton defendant: Now if the said Clinton shall duly prosecute said appeal, or shall well and truly pay to the said Ralph Phillips, all such damages and costs, as shall be awarded against him, in case —— of the said Phillips is affirmed in whole, or in part, dismissed or discontinued, then this obligation to be void, else to remain in full force and virtue."

After giving this bond, Clinton filed his transcript of the record in this court, and his appeal was docketted accordingly.

Before his appeal was here disposed of, Phillips brought his action on the traverse bond, assigning for breach the non-payment of costs, and the damages which he had sustained by the delay and prosecution of the traverse.

DEBT.

Case 18.

April 22.

Case stated.

Condition of the appeal bond.

CLINTON, &c
vs.
PHILLIPS'
ADM'R.

Without noticing in detail the pleadings in this action, suffice it to say, that under the leave to give any special matter in evidence, which might have been specially pleaded after Phillips had given in evidence, the record of the traverse in the circuit court, Clinton offered the order granting the the appeal, the aforesaid appeal bond, and proof by the Clerk of this court, and the transcript in his office, that the appeal was still pending and undisposed of, and made the point that this action on the traverse bond would not lie till the appeal was disposed of.

Decision of the circuit court.

The court below rejected the appeal bond as invalid and affording no evidence that the appeal was prosecuted, and then treated the whole appeal as a nullity, and decided that Phillips was entitled to his action. Phillips accordingly obtained a judgment, and to reverse it, Clinton has prosecuted this writ of error.

Where the appeal bond is not executed in the time prescribed, or not by the proper persons, there is no appeal, and the judgment may be executed.

In a case where a party has not complied with the order of the court below in executing the bond, inferior courts may treat the appeal as a nullity, and proceed to effectuate their judgments by execution.

It is the invariable practice of this court, when the appeal bond is not executed by the same persons, or within the time prescribed by the order of the court below, to treat such appeals as nullities when docketted here, and to strike them from the docket, instead of dismissing them with the legal consequences of costs and damages. In such cases the inferior courts may treat them in the same way, as cases where the condition on which the appeal was granted, has not been complied with.

Such cases will be struck from the docket of this court, without damages or costs, as not causes in court.

When the proper persons in due time execute the appeal bond, the case is in

But where the proper persons, in due time have executed the bond, and that bond is defective in its parties, recitals, or in not securing the appellee in all that he is entitled to, we have been in the practice of treating them as real appeals; and when applied to, to dismiss, because the bond is defective, and we have done so with costs and damages, still taking the distinction between the bonds, which we treat as nullities, and those which are defective, and

which may or may not be accepted at the election of the appellee. He may move to dismiss the appeal, because the bond is defective, and thus reject the bond, or he may acquiesce in the bond, and at last, it may be valid in law, to secure to him part of his demand, but not the whole.

If this distinction, which has long governed the practice of this court, is sound, it seems clearly to follow, that the court below erred in treating this appeal and bond as a nullity. It was a real appeal then pending before this court, but might have been avoided by motion here, until then the appeal was legal. We admit this bond is one which must have fallen in this court on a motion to dismiss the appeal for its defects Its reciting an appeal by the securities, as well as the principal, and not securing the appellee in the judgment, from which the appeal was prayed, (not to mention others,) were apparent defects. But it was still binding on the appellant till avoided by the appropriate remedy. The court ought not, therefore, to have rejected it as a nullity, as it was good evidence to show an appeal pending.

From this it will also follow, that the action of Phillips on his traverse bond was premature, as the judgment on which his cause of action hung, was suspended, and had no force till the appeal bond was disposed of, Yocumb vs. Moore &c. 4 Bibb, 221. The court ought, therefore, to have instructed the jury that the plaintiff could not recover.

Judgment reversed, verdict set aside with costs, and cause remanded for new proceedings not inconsistent with this opinion.

*Triplett,* for plaintiff; *Haggin* and *Loughborough,* for defendants.

*Marginal note:* CLINTON, &c vs. PHILLIPS' ADM'R.

court, but may be dismissed on motion and with damages and costs for the insufficiency of the bond.

In such case the judgment appealed from, is suspended and no action can be maintained predicated on the judgment being in force